## BEST v. PITTS ET AL.

[70 South. 700.]

COURTS. *Jurisdiction. Amount in controversy. Interest. Payment.*
   Under Code 1906, section 2681, so providing, payment made will
      be applied to accrued interest first in the absence of any agree-
      ment to the contrary, and the circuit court has jurisdiction of
      a suit upon a note for two hundred and thirty dollars when
      the accrued interest at the time of a payment of fifty dollars
      amounts to more than that amount.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.
Suit on a promissory note by Mrs. Julia Best against
W. H. Pitts. From a judgment dismissing the cause,
plaintiff appeals.
The facts are fully stated in the opinion of the court.

*Robert L. Bullard*, for appellant.

This was a suit begun in the circuit court on a pro-
missory note dated November 4, 1908, for two hundred
and thirty dollars, bearing interest at ten per cent from
date.
On May 26, 1911, the sum of fifty dollars was paid on
the note which was indorsed on the back of it as of that
date. A motion was made by the defendant to dismiss
the suit because of an alleged want of jurisdiction of the
amount involved which was sustained, the cause dis-
missed, and this action of the court is assigned for error.
It will be observed from a simple calculation that at
the time this fifty dollars was paid the amount due on the
note, principal and interest, was a little more than two
hundred and eighty-seven dollars and fifty cents, which,
after deducting the payment, left two hundred and thirty-
seven dollars and fifty cents due and nothing has since
been paid. The suit was begun August 26, 1913.

The appellant contends that this payment of fifty dollars ought to be deducted from the face of the note, notwithstanding more than fifty-seven dollars and fifty cents. of accrued interest was then due.

I do not think that this merits discussion or citation of authority, and so I submit it.

*Hardy & Arnold,* for appellee.

Our contention is that the principal amount involved in this suit was one hundred and eighty dollars, and if this is true, then the circuit court had no jurisdiction.

The principal amount involved was one hundred and eighty dollars because to figure any other amount as the principal amount would be to take into consideration interest *and this* cannot be done to determine jurisdiction.. Jurisdiction of the justice court is fixed by section 171 of the Code of 1890. Interest must be excluded in computing the amount in controversy. *Jackson* v. *Whitfield,.* 51 Miss. 202; *N. O. G. N. R. R. Co.* v. *Evans,* 49 Miss. 785.

To hold that the circuit court had jurisdiction of the matter here involved would be to make jurisdiction depend on interest; would be a shifting question—and this. is never permitted.

We contend that the proper court to have tried this cause was the justice court and that the circuit court was right in sustaining the motion to dismiss for want of jurisdiction.

We respectfully submit the case should be by this. court affirmed because there was no error.

STEVENS, J., delivered the opinion of the court.

Appellant, as plaintiff in the court below, instituted this action of debt in the circuit court of Jones county on a promissory note executed by appellees in appellant's favor November 4, 1908, in the sum of two hundred and thirty dollars. The defendants moved to dismiss the suit because the declaration showed the court was.

without jurisdiction, appellees claiming the amount in controversy to be within the jurisdiction of the justice of the peace and below the jurisdiction of the circuit court. This motion was by the court sustained, and from the judgment dismissing the cause, appellant prosecutes this appeal.

The note in question bears interest from date, to wit, November 4, 1908, at ten per cent. per annum, and reflects a credit of fifty dollars entered on the back of the note as of date May 26, 1911. The suit was instituted August 26, 1913. A simple calculation shows that at the time the fifty dollars was paid and credited there was due an amount of interest in excess of the fifty dollars so paid. The record of course, reflects no agreement between the parties as to the application of the payment, and under our statute (section 2681, Code 1906) the accrued interest at the time of the payment shall be first paid. After crediting the payment to the accrued interest, the principal of the note is left intact, and, in fact, all of the accrued interest was not paid. At the time the suit was instituted appellees owed the full amount of the principal and a material amount of past-due interest, and the court manifestly had jurisdiction of the suit.

*Reversed and remanded.*